Filed 7/29/25  P. v. Henry CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099989 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04938) |
| v. | |
| KEVIN HENRY, JR., | |
| Defendant and Appellant. | |

In 2014, a jury found defendant Kevin Henry, Jr. and his co-defendant, Anthony Roberson, guilty of first degree murder and two counts of robbery.  The jury found true allegations that the murder was committed while defendants were engaged in the commission of a robbery (Pen. Code, § 190.2, subd. (a)(17))[1] and that defendants

---

[1]  Undesignated statutory references are to the Penal Code.

1

personally used a firearm in the commission of these offenses (§ 12022.53, subd. (b)).[2] At the close of the People's case in chief, the court granted the People's oral motion to dismiss additional firearm allegations under sections 12022.53, subdivisions (c) and (d).

Defendant appeals from an order of the trial court after remand denying his petition for resentencing of his murder conviction under section 1172.6. He contends the trial court applied the wrong legal standard at his evidentiary hearing by reviewing the trial record for substantial evidence, rather than acting as an independent fact finder. Defendant also argues the court erred when it relied on the possibility that defendant discharged a firearm despite the dismissal of the section 12022.53, subdivision (c) and (d) allegations. In defendant's view, the dismissal was the equivalent of an acquittal and had preclusive effect in this proceeding. Further, defendant contends any forfeiture of this issue constituted ineffective assistance of counsel.

Because we find the trial court's application of an incorrect standard of proof at the evidentiary hearing was prejudicial, we will reverse the order denying the petition. Accordingly, we do not reach defendant's claims regarding the dismissal of the firearms allegations. We remand for further proceedings consistent with this opinion.

## I. BACKGROUND

"In Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), the Legislature significantly narrowed the scope of the felony-murder rule. It also created a path to relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under the new law. Resentencing is available under the new law if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to

---

[2] The jury also found defendant guilty of possession of a firearm by a person previously convicted of a felony. In a bifurcated proceeding, the trial court found true that defendant had two prior strike convictions. (§§ 667, subds. (b)-(i), 1170.12.)

human life, as described in subdivision (d) of [] Section 190.2.' [Citations.] This provision repurposes preexisting law governing felony-murder special-circumstance findings—the findings a jury makes in felony-murder cases to determine whether the defendant may be sentenced to death or life without possibility of parole ([]§ 190.2, subd. (d))—to define eligibility for sentencing relief." (*People v. Strong* (2022) 13 Cal.5th 698, 703 (*Strong*).)

In 2019, defendant filed a petition for resentencing of his murder conviction pursuant to section 1172.6 alleging that he had been convicted of first degree felony murder, but could no longer be so convicted because of changes to the law made by Senate Bill 1437. He asserted he was not the actual killer, did not aid or abet the murder with intent to kill, and was not a major participant in the underlying felony and did not act with reckless indifference to human life. The trial court denied defendant's petition, finding he was ineligible for resentencing because the jury found the special circumstance true; thus, "the jury necessarily found that defendant Henry was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life." This court affirmed. Defendant petitioned our Supreme Court for review. Our Supreme Court granted review, and ultimately directed us to vacate our decision affirming the denial of defendant's section 1172.6 petition and to reconsider the cause in light of *Strong, supra*, 13 Cal.5th 698. In *Strong*, our Supreme Court concluded felony-murder special-circumstance "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*."[3] (*Id*. at p. 710.) Upon

---

[3] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

reconsideration, this court reversed the trial court's order and remanded for further proceedings.

On remand, the court issued an order to show cause and conducted an evidentiary hearing to determine whether defendant was entitled to relief under section 1172.6. The court denied the petition in a ruling from the bench, and defendant filed the present appeal.

## II. DISCUSSION

Defendant contends the trial court deprived him of his Fourteenth Amendment right to due process and his state law right to resentencing when it failed to apply the correct standard of proof at his evidentiary hearing. Specifically, defendant argues the trial court erred in reviewing the record for substantial evidence to support the jury's verdict instead of independently determining whether there was proof beyond a reasonable doubt. The People assert that defendant forfeited this claim by not objecting to the trial court's ruling. We disagree. Defendant preserved this claim by urging the trial court to apply the correct standard at the evidentiary hearing.

At an evidentiary hearing to determine whether a petitioner is entitled to relief under section 1172.6, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under current law. (§ 1172.6, subd. (d)(3).) The trial court's role at this stage in the proceedings "is to act as an independent fact finder and determine, in the first instance, whether the petitioner committed murder under the law as amended by Senate Bill [] 1437." (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123.)

Section 1172.6 makes clear that "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) In situations where a review for substantial evidence is proper—namely, in "considering a challenge to the sufficiency of the evidence to support a conviction" on direct appeal, courts "review the entire record in the light most favorable to the judgment to determine whether it

4

contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact *could* find the defendant guilty beyond a reasonable doubt." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27, italics added.)

The trial court's ruling consists of more than 70 pages of transcript. The court began, in part, by indicating it would deny the motion "as the Court finds beyond a reasonable doubt that defendant Henry was either the actual killer . . . or the defendant was a major participant who acted with reckless indifference to human life under the now-existing law. [¶] In order to grant the relief requested, this Court would have to ignore the mountain of evidence produced by the People at trial and only accept the testimony of defendant Henry as he testified on his own behalf at the trial. As will be demonstrated by reference to the reporter's transcript, defendant Henry stands alone in his recitation of the facts that resulted in the death of [the victim]. Again, I think beyond a reasonable doubt the jury *could have* concluded on the evidence produced that the defendant was the actual shooter. [¶] In addition, I think the jury *could have concluded beyond a reasonable doubt* that he was an aider and abettor, and . . . the jury *could have* found beyond a reasonable doubt the defendant was a major participant under the *Banks*, *Clark* and *Scoggins* cases."[4] (Italics added.) The trial court ended its ruling with a similar statement: "I do find beyond a reasonable doubt that defendant was the actual killer, being the person who committed the homicidal act. I believe a jury *could have* concluded as such based on everything I read. I also believe that if they did not find him to have been the actual shooter, that clearly he was an aider and abettor under the *Banks*, *Clark* and *Scoggins* . . . line[] of cases. [¶] . . . I find under that law that the defendant was a major participant for all of the reasons previously indicated and that he acted with

---

[4] *In re Scoggins* (2020) 9 Cal.5th 667.

reckless disregard for human life, and for all of those reasons I deny the defendant's motion." (Italics added.)

The People's arguments focus on these two passages and rely on the general principle that "[a]bsent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.) Parts of these passages suggest or are at least ambiguous as to whether the trial court applied the correct standard of proof, but the court's emphasis on what the jury "could" have found and the remaining 70 pages of the trial court's ruling affirmatively indicate the trial court applied some form of substantial evidence review to reach its conclusion "beyond a reasonable doubt." At one point, the court explained that the citations it was providing "go[] into what I believe is sufficient evidence to show that a jury could have concluded based on all of this evidence that it was in fact Mr. Henry that fired the shot that committed the homicidal act, that he was the actual shooter." This was the analysis improperly employed by the trial court.

At multiple points, the trial court's statements made clear it was examining the sufficiency of the evidence to support defendant's conviction under the substantial evidence standard:

- "I think there was more than sufficient circumstantial evidence that both defendants knew each other were armed."
- "I think there is significant and substantial evidence circumstantially that Mr. Henry was aware that his co-defendant was armed."
- "I believe there is sufficient circumstantial evidence amply supported by the record that shows the defendant was aware of the particular dangers posed."
- "I think the evidence was so substantial . . . that the motion should be denied for all of the reasons I have previously indicated."

6

The People argue the trial court made credibility determinations and weighed the evidence as a fact finder. In reviewing the sufficiency of the evidence, a court does not reevaluate witness credibility or reweigh the evidence. (*People v. Lindberg, supra*, 45 Cal.4th at p. 27.) We agree that at times the court appeared to offer its own assessment of the credibility of witnesses. However, many of the court's discussions of witness credibility were made in the context of discussing what the jury *could* have believed. On one occasion, the court expressly separated its own credibility determination from its assessment of what the jury could have done: "[I]f a jury believed Mr. Roberson's testimony on this point, this just comes out to be just a cold calculated murder, a first degree murder where Mr. Henry is being disrespected and shoots a man over that. The jury could have found that as well beyond a reasonable doubt. . . . I'm not suggesting they did, but if you believe Mr. Roberson on this point, you could come to that conclusion if you believed him beyond a reasonable doubt. *I'm not saying I do*, *but a jury could have*, and the People would have met their burden of proof just based on that." (Italics added.) Moreover, the fact that the trial court may not have properly applied a substantial evidence review does not mean it applied the correct standard of review. The trial court repeatedly analyzed the evidence in terms of what the jury "could" have concluded, believed, or considered. For instance, the court explained, "I believe a reasonable jury could conclude that the defendant was either the actual killer, meaning the person who committed the homicidal act, or was a major participant who acted with reckless disregard." Further, "if the jury believed [one of the robbery victims], they found sufficient evidence beyond a reasonable doubt the defendant was the actual shooter or under the new law was a major participant who acted with reckless disregard." Additionally, the court explained that if the jury "wanted to disregard all of Mr. Roberson's testimony, they could have done that and still come up with these verdicts under current law." The People contend defendant cherry-picked these statements and

others from the court's ruling.  We disagree.  Rather, we agree with defendant that they are representative of the analysis employed by the court.

While the trial court made stray comments about its own conclusions, these comments—like its ultimate ruling—were muddled by its analysis of what the jury "could" have done.  For instance, the court stated, "the jury could conclude that the defendant was a major participant, as I do."  The court also stated, "I think a jury could have . . . found that Mr. Roberson willfully lied about significant things in the case but told the truth about others, and they could have relied on that part that they thought was true and ignored the rest.  I certainly did in reaching the conclusion that I reached in this case."  The court's credibility determinations and observations about what it believed or considered are insufficient to make its overall analysis one that was performed under the correct standard of review.

In *People v. Vance* (2023) 94 Cal.App.5th 706, a different Court of Appeal held that "in a section 1172.6 proceeding, the trial court's erroneous use of a substantial evidence test is not reversible per se.  Rather, the appellant has the burden of showing that it is reasonably probable that, in the absence of the error, he or she would have enjoyed a more favorable outcome." (*Id*. at p. 710.)  Defendant argues errors of this type require a respondent to show harmlessness beyond a reasonable doubt.  The People disagree.  We need not resolve this dispute because we agree with defendant that under either standard, reversal is required because the trial court's focus on analyzing the evidence for what the jury "could" have concluded provides a reasonable possibility that, if the court had applied the correct standard of proof, it would have reached a different conclusion.  (See *People v. Sandoval* (2015) 62 Cal.4th 394, 422 [" ' " ' "We have made clear that a 'probability' in this context does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*" ' " ' "].)

### III.  DISPOSITION

The order denying defendant's petition is reversed, and the cause is remanded with directions to conduct further proceedings consistent with this opinion.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

DUARTE, J.